UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A., AFL-CIO | CIVIL ACTION |
| | NO.: 16-448-JWD-EWD |
| VERSUS | |
| CCR FIRE PROTECTION, LLC, *et al.* | |

## RULING AND ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (the "Motion").[1] Defendants Quick Response Fire Protection, LLC ("Quick Response") and Earl Barnett ("Barnett") filed an opposition to the Motion on November 3, 2016.[2] Defendant Roseal Rodriguez, Jr. ("J.R.") and Theresa Rodriguez (collectively the "Rodriguez Defendants") also filed an opposition to the Motion on November 4, 2016.[3] Plaintiff filed a reply memorandum.[4] For the reasons that follow, the Motion is **GRANTED IN PART**.[5]

**I.      Factual Background**

In its original Complaint, Plaintiff, a national labor organization, alleges that Defendant CCR Fire Protection, LLC ("CCR") entered into an oral settlement agreement with Plaintiff before

---

[1] R. Doc. 37.
[2] R. Doc. 42.
[3] R. Doc. 43.
[4] R. Doc. 46.
[5] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) (citing, inter alia, *JJCO, Inc. v. Isuzu Motors America, Inc.*, 2009 WL 3818247, at *2 (D.Haw. Nov. 12, 2009) (magistrate judge's denial of a motion for leave to amend complaint is not a dispositive ruling)) (citing, in turn, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), superseded by statute on other grounds as recognized in *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion)). The Fifth Circuit has similarly recognized that a motion to amend a complaint is a nondispositive motion. *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

the administrative law judge for the National Labor Relations Board ("NLRB") to resolve Plaintiff's unfair labor practice charge against CCR that was pending before the NLRB.[6] Plaintiff further alleges that, despite the oral agreement, CCR failed to sign a written agreement memorializing the terms of the settlement and never made the payments required under the settlement agreement.[7] In addition to naming CCR as a defendant, the original Complaint also names Quick Response, the Rodriguez Defendants, Nilesh Patel, Rajendra Bhakta, and Barnett.[8] Quick Response is alleged to be an alter ego of, and successor to, CCR, such that Quick Response is also obligated under the settlement agreement.[9] The original Complaint contains limited factual allegations against the individual defendants. There, Plaintiff alleges that J.R. Rodriguez was the owner and agent of CCR; that Theresa Rodriguez was the office manager and agent of CCR; and that Barnett was the salesperson and designer of CCR, as well as an owner of Quick Response.[10] The original Complaint alleges that Patel and Bhakta were also owners of CCR.[11] All individual defendant are alleged to be "employers" in the original Complaint within the meaning of Section 2(2) of the Labor Management Relations Act, as amended, 29 U.S.C. § 152(2).[12]

On September 2, 2016, the Rodriguez Defendants filed a Motion to Dismiss the original Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action.[13] Similarly, Quick Response and Barnett also filed a Rule 12(b)(6) motion.[14] Both motions are currently

---

[6] R. Doc. 1, ¶¶ 17 & 20.
[7] *Id.*, ¶ 22.
[8] *Id.*, ¶¶ 5-10.
[9] *Id.*, ¶32.
[10] *Id.*, ¶13.
[11] *Id.*, ¶¶ 8 & 9.
[12] *Id.*, ¶¶ 6-10.
[13] R. Doc. 20.
[14] R. Doc. 21.

pending.  The thrust of these motions is that the allegations contained in the original Complaint are insufficient to state a claim upon which relief can be granted against these defendants.[15]

Plaintiff filed the instant Motion to "enhance and amplify its claims, including as to individual liability of Roseal Rodriguez, Theresa Rodriguez, Nilesh Patel, Rajandra Bhakta, and Earl Barnett …" and to "include additional specific allegations regarding Plaintiff's standing to sue Defendant Bhakta in this Court."[16]  The primary focus of the oppositions to the Motion is that the amendment would be futile.[17]

**II. Law and Analysis**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court liberally construes Rule 15(a) in favor of amendment.  *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend").  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment.  *Rhodes v. Amarillo Hosp. Dist.,* 654

---

[15] *See*, R. Doc. 20, ¶3 ("There are no allegations as to why a member of CCR [Roseal Rodriguez] and his wife, who is not a member, are liable for an alleged breach of a settlement agreement between the plaintiff and CCR.").  *See also*, R. Doc. 21, p. 2 ("Plaintiff's claims should be dismissed as Plaintiff simply has failed to allege any facts which would give rise to its claims or any liability as to Quick Response and/or Barnett.")
[16] R. Doc. 37, p. 2. Bhakta has a Motion to Dismiss for Lack of Personal Jurisdiction pending. R. Doc. 24.
[17] *See*, R. Doc. 42, ¶ 1 ("[T]he proposed amended complaint fails to cure the defects raised in Defendants' Motion to Dismiss, and therefore, Plaintiff's motion is futile and should be denied by the Court.").  *See also*, R. Doc. 43, p. 1, adopting the argument in the opposition filed by Quick Response and Barnett, but also including an argument that the amendment is sought in bad faith because "[t]he plaintiff's claims against Mr. and Mrs. Rodriguez as originally pleaded are so specious and unsupported by law that they infer bad faith.")

F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

As the primary focus of the oppositions to the Motion is that the amendments would be futile, the Court focuses on that argument.  An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.  *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).  A review of the proposed amended complaint is, therefore conducted under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, 751 F.3d 368, 378 (5th Cir. 2014) citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. 1955 (citation omitted).

### A.  Allegations as to the Rodriguez Defendants

The factual allegations in the original Complaint against the Rodriguez Defendants are that: 1) they are "employers" within the meaning of Section 2(2) of the Labor Management Relations Act, as amended, 29 U.S.C. § 152(2); 2) J.R. Rodriguez was the owner and agent of CCR; 3) Theresa Rodriguez was the office manager and agent of CCR; and 4) that J.R. Rodriguez was a party to the settlement agreement at issue.[18]

---

[18] R. Doc. 1, ¶ 34.

In contrast, the proposed Amended Complaint expands the allegations against the Rodriguez Defendants to include the following non-exhaustive recitation of additional facts:

> [Plaintiff] and Defendant CCR through Defendants J.R. Rodriguez and Theresa Rodriguez engaged in settlement negotiations at the outset of the NLRB trial and entered into a settlement of the NLRB allegations . . . .[19]
>
> Defendant CCR affirmed on the record through Defendant Theresa Rodriguez that it agreed to the terms of the settlement agreement . . . .[20]
>
> Defendant CCR through Defendants J.R. and Theresa Rodriguez thereafter refused to sign the written agreement and reneged on their agreement to make payments . . . .[21]
>
> [Plaintiff] … was informed by Defendant Theresa Rodriguez on two separate occasions that CCR would not sign because they were 'shutting their doors.' Defendant Theresa Rodriguez gave no indication at the settlement conference on February 17, 2016, that CCR had imminent plans to terminate the business within the month and reopen as Quick Response.[22]
>
> Defendants J.R. Rodriguez, Theresa Rodriguez …purported to enter into the NLRB settlement with the fraudulent intent to evade their obligations under the settlement and the collective bargaining agreement with [Plaintiff] in order to induce [Plaintiff] to withdraw the pending NLRB unfair labor practice charges.[23]

**Allegations as to Quick Response and Barnett**

### 1. Allegations against Quick Response

Quick Response is alleged to be an "employer" within the meaning of Section 2(2) of the LMRA.[24] Quick Response is not alleged to be a signatory to the collective bargaining agreement between Plaintiff and CCR, nor is Quick Response alleged to a be a signatory to the settlement

---

[19] R. Doc. 37-1, ¶21.
[20] *Id.*, ¶22.
[21] *Id.*, ¶23
[22] *Id.*, ¶24.
[23] *Id.*, ¶25.
[24] R. Doc. 1., ¶5.

5

agreement, but Plaintiff seeks to impose liability upon Quick Response as an alter ego and successor of CCR.[25]  Quick Response is alleged to be located in the same offices occupied by CCR[26] and has the same business purpose as CCR—the installation, maintenance, and repair of fire sprinkler systems in Louisiana, Arkansas and Mississippi.[27]  Quick Response is also alleged to have the same employees, substantially identical management, and the same customers and equipment as CCR.[28]  Quick Response is also alleged to be performing "collective bargaining agreement-covered work on jobs covered by the collective bargaining agreement" between CCR and [Plaintiff].[29]

### 2. Allegations against Barnett

The allegations against Barnett in the original Complaint are that he is an "employer" within the meaning of Section 2(2) of the LMRA,[30] that he was at all material times a salesperson and designer for Defendant CCR;[31] and that he became an owner of Quick Response in January 2016.[32]  The original Complaint also claims Plaintiff is entitled to specific performance from Barnett of the settlement agreement obligations as he is an alter ego of CCR.[33]

The amended Complaint contains the same factual allegations with regard to Quick Response and Barnett as those in the original Complaint, but expands the allegations against them to include the following:

> [E]arl Barnett are individually liable by acting with intent to evade their legal and contractual obligations to [Plaintiff] including, *inter alia*, by purporting to approve and enter into the settlement agreement before the NLRB with no intention of honoring it and

---

[25] *Id.*, ¶32.
[26] R. Doc. 37-1, ¶26
[27] *Id.*, ¶17.
[28] *Id.*, ¶27.
[29] *Id.*, ¶26.
[30] R. Doc. 1, ¶10.
[31] *Id.*, ¶13.
[32] *Id.*, ¶15.
[33] *Id.*, ¶38.

6

> thereafter by 'closing' Defendant CCR while continuing to operate the business under the disguised continuance of Defendant Quick Response thereby abusing corporate formalities in an attempt to evade their remedial and contractual obligations to Plaintiff ....[34]

### A. The Proposed Amendment is Not Futile as to Quick Response or the Rodriguez Defendants but is Futile as to Barnett

Quick Response and Barnett allege that successor liability and/or an alter ego theory of recovery cannot be maintained because Plaintiff has only made conclusory allegations. Quick Response and Barnett rely on a Decision and Order from the NLRB in *R. L. Reisinger Co.*, 312 NLRB 915 (1993), *enf.* 43 F.3d 1472 (6th Cir. 1994). The Court notes at the outset that the *Reisinger* decision was not decided on a preliminary procedural motion, but was instead decided by an administrative law judge after a hearing and the presentation of evidence. One of the issues in that case was whether respondent Reisinger Co., Inc., was a "disguised continuance" of Mr. Reisinger's sole proprietorship that had entered into the collective bargaining agreement ("CBA") at issue, such that the company could be bound by the CBA originally entered into by the sole proprietorship. In conducting that analysis, the ALJ concluded:

> The record also provides ample support for a finding that Respondent Reisinger Co., Inc. is a disguised continuance of Ron Reisinger's sole proprietorship. Other than the incorporation and granting a 51-percent interest in the corporation to wife Bernadine Reisinger, R.L. Reisinger Co., Inc., remained the same entity as the sole proprietorship and the change to an incorporated status was clearly motivated principally by the desire to obtain business by qualifying as a 'minority female enterprise.'
>
> After the date that Respondent was incorporated in 1981, the Company retained the same office at the same address and the Company paid debts or financial obligations accrued by the sole proprietorship and continued to use the same station wagon that Ron Reisinger had used when he was the sole proprietor until the corporation subsequently purchased a van. After incorporation, Respondent used the same wholesale suppliers to obtain its supplies. Both before and after incorporation, Ron Reisinger prepared

---

[34] R. Doc. 37-1, ¶30.

7

>estimates to bid on jobs, did electrical work in this field and held the electrical license necessary to get Columbus job permits in his own name, while Bernadine Reisinger took over banking, bookkeeping, and office work. Ron Reisinger retained a 49-percent ownership interest and official company positions as both vice president and secretary and I find that under these circumstances the Respondent Company is bound under the National Labor Relations Act to the labor obligations entered into by the predecessor sole proprietorship.

Quick Response and Barnett also rely on *3750 Orange Place Ltd. Partnership v. NLRB*, 333 F.3d 646 (6th Cir. 2003), a decision on appeal from an NLRB ruling affirming the ALJ's decision that Petitioners had committed unfair labor practices. In *3750 Orange Place*, the Court characterized the successorship analysis as follows:

>The threshold inquiry for ascertaining the existence of such 'substantial continuity' is whether the majority of the new employer's workforce was previously employed by the predecessor. If so, the Board then must examine a number of additional factors to determine whether 'substantial continuity' exists, including: (1) whether the business of the two entities remains unchanged; (2) whether the employees continue to perform the same job functions under unchanged working conditions; (3) whether the production processes remain the same; and (4) whether the new entity provides the same customers with the same product.[35]

Here, the court finds that the allegations in the proposed Amended Complaint are sufficient to meet this test for purposes of a 12(b)(6) analysis with regard to Quick Response. Quick Response is alleged to have the same employees as CCR. Further, it is alleged that Quick Response is located in the same offices occupied by CCR; has the same business purpose as CCR—the installation, maintenance, and repair of fire sprinkler systems in Louisiana, Arkansas and Mississippi; has substantially identical management; has the same customers and equipment as CCR; and continued to work on jobs that would be covered under the collective bargaining

---

[35] *3750 Orange Place*, 333 F.3d at 655 citing *Straight Creek Mining Inc. v. NLRB*, 164 F.3d 292, 295 (6th Cir. 1998).

8

agreement between Plaintiff and CCR that were started by CCR.  This is more than a conclusory statement that Quick Response is an alter ego and/or successor of CCR.

Similarly, the Court does not agree that the amendments sought are futile with regard to the Rodriguez Defendants.  The proposed Amended Complaint explains that the Rodriguez Defendants actively participated in the negotiation of the settlement agreement at issue and the breach of that agreement; and that they permitted approval of the settlement agreement before the NLRB ALJ with no intention of honoring it.  The proposed Amended Complaint also further explains that, although Theresa Rodriguez is not an owner of CCR, she acted as an agent of CCR, participated in the negotiation of the settlement agreement and allegedly misrepresented information by omission when she failed to disclose that CCR would be "shutting its doors," just a month after entering into the negotiated settlement agreement.  Based on these allegations, the court cannot say at this juncture that there is no basis for claims of individual liability against the Rodriguez Defendants.

The result is different with respect to Barnett.  Neither the original Complaint, nor the proposed Amended Complaint set forth sufficient facts to establish how Barnett could be held individually liable. Unlike the allegations against the Rodriguez Defendants, where factual information regarding their role in the negotiation and breach of the settlement agreement has been set forth, there is no similar factual information with regard to Barnett's alleged role in this alleged scheme.  Further, although Plaintiff states that it seeks to pierce the corporate veil as to Barnett, there are no facts alleged that would support such a claim.  The mere fact that Barnett is said to be an owner of Quick Response and that he was a designer and salesperson for CCR, without more, is insufficient to state a claim for relief against him individually and the court agrees that there is

insufficient factual information alleged to maintain any claim that the corporate veil could be pierced to impose personal liability on Barnett.[36]

The Court also rejects the additional arguments raised by the Rodriguez Defendants with regard to bad faith and/or undue delay.  The argument that the amendments with regard to the Rodriguez Defendants were sought in bad faith is based on the claim that the allegations are specious and insufficient to state a claim.  As set forth above, the court disagrees and finds that the allegations are sufficient to state a claim against the Rodriguez Defendants.  The Rodriguez Defendants also make a passing argument that the amendment should be denied because the facts that are sought to be added should have been included sooner.  As this matter is in the very early stages and no Scheduling Order has even been issued by the court, this argument is also without merit.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion for Leave of Court to File Plaintiffs' First Amended Complaint[37] is **GRANTED IN PART**.  Plaintiff shall substitute an Amended Complaint for the proposed First Amended Complaint[38] that removes any allegations with regard to Earl Barnett that are revised from those allegations against Barnett contained in the original Complaint. Further leave of court is not necessary for Plaintiff to file a substituted First Amended Complaint.

As the court was required to undertake a Rule 12(b)(6) analysis in deciding the Motion for Leave, **IT IS FURTHER ORDERED** that the Motion to Dismiss, filed by defendants Roseal

---

[36] In deciding whether to pierce the corporate veil, Louisiana courts often look to the following factors: a) commingling of corporate and shareholder funds; b) failure to follow statutory formalities for incorporation and the transaction of corporate affairs; c) undercapitalization; d) failure to provide separate bank accounts and bookkeeping records; and e) failure to hold regular shareholder or directors' meetings.  *Dowling v. UHS of Delaware, Inc.*, 1992 WL 37698, *3 (E.D. La. Feb. 18, 1992).  No such facts are alleged in either the original Complaint or in the proposed Amended Complaint.
[37] R. Doc. 37.
[38] R. Doc. 37-1.

Rodriguez and Theresa Rodriguez,[39] and the Motion to Dismiss Pursuant to 12(b)(6) of Defendants Quick Response Fire Protection, LLC, and Earl Barnett[40] are **TERMINATED** without prejudice to any party re-filing a Motion to Dismiss that addresses the allegations contained in the First Amended Complaint.

Signed in Baton Rouge, Louisiana, on January 23, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[39] R. Doc. 20.
[40] R. Doc. 21.