**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROAD SPRINKLER FITTERS UNION NO. 669, U.A., AFL-CIO** | **CIVIL ACTION NO.: 3:16-CV-448** |
| **VERSUS** | **JUDGE JOHN W. deGRAVELLES** |
| **CCR FIRE PROTECTION, LLC** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

## RULING AND ORDER

This matter comes before the Court on Defendant Rajendra Bhakta's ("Bhatka") Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (**Doc. 24.**) Plaintiff Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO ("Plaintiff") has filed an Opposition (**Doc. 39**), and Bhatka filed a Reply memorandum (**Doc. 50**).[1] Oral argument is not necessary. After carefully considering the law, the arguments of the parties, and the documents attached to Plaintiff's Original and Amended Complaints, for the reasons stated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART**;

**IT IS FURTHER ORDERED** that the claims against Bhatka in Plaintiff's Substituted Amended Complaint (Doc. 54) are **DISMISSED WITHOUT PREJUDICE** because the documents Plaintiff submitted as an exhibit to its original and substituted amended complaints (*see* Docs. 1-1 at 1—2; 54-1 at 1—2, 5—7) indicate that Bhatka, in his individual capacity, was not a signatory to the collective bargaining agreement ("CBA") between Plaintiff and CCR; that he did not participate in the CBA negotiations; and that, consequently, he had no involvement in the settlement negotiations that arose out of CCR's alleged breach of the CBA. Specifically, in

---

[1] The factual and procedural history of this case is outlined in Judge Wilder-Doomes' Ruling and Order on Plaintiff's Motion for Leave to File First Amended Complaint (*see* Doc. 53 at 1—3), and is incorporated by reference herein.

1

the original and substituted amended complaints, Plaintiff attached a copy of the CBA between it and CCR; Bhatka's signature does not appear anywhere on the contract. (Docs. 1-1 at 1—2; 54-1 at 1—2.) Then, in its substituted amended complaint, Plaintiff also attached as an exhibit a letter from Bhatka's attorney directed to Plaintiff's counsel (Doc. 54-1 at 5—7), which Plaintiff cited in support of its contention that Bhatka held one-half of the majority interest in CCR, which according to CCR's own operating agreement, necessarily meant that Bhatka had to personally approve major decisions within CCR. (*Id.* at 5.) It was Plaintiff's intent to establish that Bhatka was personally liable and thus the Court could exercise its long-arm jurisdiction over Bhatka, a Tennessee resident,[2] by virtue of the fact that CCR, in theory, cannot bind itself to decisions and actions without the consent of a majority of the members. (Doc. 39 at 2.)

Although Plaintiff purports to impute liability to Bhatka in his individual capacity by submitting the CBA between CCR and Plaintiff as well as the letter from Bhatka's attorney, these same documents also undermine the factual basis for Bhatka's liability. Specifically, the letter from Bhatka's attorney stated: "Mr. Bhatka (26% owner) never executed either of the putative contracts between CCR and Local 669. Moreover… Mr. Bhatka [has never] authorized by way of vote or resolution or by affirmatively stating [his] consent to such agreement." (Doc. 54-1 at 6.) This statement, taken in connection with the signed CBA between Plaintiff and CCR that conspicuously lacks Bhatka's signature, creates a reasonable inference that Bhatka never had any involvement in the negotiations between CCR and Plaintiff, the resulting CBA, or CCR's subsequent breach and settlement agreement. Plaintiff has not set forth any documentation, nor has it alleged anything beyond conclusory allegations, to even suggest that Bhatka was personally involved in the CBA, its breach, or the resulting settlement upon which CCR reneged.

---

[2] Plaintiff initially alleged that Bhatka is a resident of Louisiana (Doc. 1 at 3), but later corrected this misstatement in its substituted amended complaint to reflect that Bhatka is in fact a Tennessee resident. (Doc. 54 at 3.)

In light of the foregoing, it appears as though the Court cannot exercise its long-arm jurisdiction to assert specific personal jurisdiction over Bhatka. To attempt to exercise jurisdiction over this foreign defendant, who it appears did not have any personal involvement in the breach of contract that gave rise to the instant action, would "offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Following a nonresident's 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, 13-816, 2014 WL 3887710, at *2 (M.D. La. Aug. 6, 2014) (Jackson, C.J.) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1992 (5th Cir. 1985)). Considering the above, Plaintiff has failed to meet its burden of establishing that the Court has jurisdiction over Bhatka. Accordingly, the claims against Bhatka must be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff be granted leave to file within thirty (30) days of this Ruling an Amended Complaint to allege, if he can, factual allegations to support jurisdiction of Rajendra Bhatka in his individual capacity.

Signed in Baton Rouge, Louisiana, on <u>July 5, 2017</u>.

 

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**