UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROAD SPRINKLER FITTERS UNION NO. 669, U.A., AFL-CIO | CIVIL ACTION NO.:  3:16-CV-448 |
| VERSUS | JUDGE JOHN W. deGRAVELLES |
| CCR FIRE PROTECTION, LLC | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

## RULING AND ORDER

This matter comes before the Court on motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Earl Barnett ("Barnett"). (**Doc. 55.**) Plaintiff Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO ("Plaintiff") has filed an Opposition (**Doc. 60**), and Barnett filed a Reply brief (**Doc. 63**).[1] Oral argument is not necessary. After carefully considering the law, the arguments of the parties, and the documents attached to Plaintiff's Original and Amended Complaints, for the reasons stated below,

**IT IS ORDERED** that Barnett's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's alter ego claim against Barnett in Plaintiff's Substituted Amended Complaint (Doc. 54) are **DISMISSED WITH PREJUDICE** because it is unsupported by sufficient factual allegations. The mere fact that Barnett is said to be an owner of Quick Response, CCR's successor company, and that he was the designer and salesperson for Defendant CCR is insufficient to support the conclusion that Barnett acted as an alter ego of CCR. (*See* Docs. 1 at 3, 4; 54 at 3, 4.) The alter ego doctrine may only be applied if

---

[1] The factual and procedural history of this case is outlined in Judge Wilder-Doomes' Ruling and Order on Plaintiff's Motion for Leave to File First Amended Complaint (*see* Doc. 53 at 1—3), and is incorporated by reference herein.

1

"the owner exercised complete control over the corporation with respect to the transaction at issue." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan ("Bridas II"),* 447 F.3d 411, 416 (5th Cir. 2006) (citing *Bridas S.A.P.I.C. v. Government of Turkmenistan ("Bridas I"),* 345 F.3d 347, 359 (5th Cir. 2003.) Therefore, without the allegation of such a legal relationship between CCR and Barnett, or factual information regarding Barnett's individual role in the negotiation and breach of the agreement, Plaintiff's alter ego claim against Barnett must fail as a matter of law.

Additionally, the CBA itself –submitted by the Plaintiff as an exhibit to its original and substituted amended complaints (*see* Docs. 1-1 at 1—2; 54-1 at 1—2, 5—7)– further undermines the factual basis of Plaintiff's alter ego claim, as it indicates that Barnett, in his individual capacity, was not a signatory to the collective bargaining agreement ("CBA") between Plaintiff and CCR; that he did not participate in the CBA negotiations; and that, consequently, he had no involvement in the settlement negotiations that arose out of CCR's alleged breach of the CBA. Specifically, in the original and substituted amended complaints, Plaintiff attached a copy of the CBA between it and CCR; Barnett's signature does not appear anywhere on the contract. (Docs. 1-1 at 1—2; 54-1 at 1—2.)

Considering the above, Plaintiff has not set forth any documentation, nor has it alleged anything to even suggest that Barnett was personally involved in the CBA, its breach, or the resulting settlement upon which CCR reneged; thus, the Court cannot reasonably draw an inference that Barnett had the requisite control over CCR with respect to the CBA that is necessary to pierce the corporate veil under the alter ego doctrine.[2] To the contrary, the signed

---

[2] "The doctrine of alter ego allows a court to pierce the corporate veil and impose on an owner the obligations of its subsidiary when their conduct demonstrates a virtual abandonment of separateness." *Janvey v. Alguire*, 847 F.3d 231, 242 (5th Cir. 2017) (citing *Bridas I*, 345 F.3d 347, 359.) "The alter ego doctrine, like all variations of piercing the corporate veil doctrine, is reserved for exceptional cases." *Bridas II*, 447 F.3d 411, 416 (citing *In re Multiponics, Inc.*, 622 F.2d 709, 724–25 (5th Cir.1980.))

2

CBA between Plaintiff and CCR that conspicuously lacks Barnett's signature, creates a reasonable inference that Barnett never had any involvement in the negotiations between CCR and Plaintiff, the resulting CBA, or CCR's subsequent breach and settlement agreement.

In light of the foregoing, the Court concludes that the Substituted First Amended Complaint does not plead facts sufficient to state an alter ego claim against Barnett that is plausible on its face. Accordingly, the Plaintiff's claim against Barnett must be dismissed.

Although "the policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism," this Court has explained that there acceptable justifications for denying leave to amend. *Williams v. E.I. du Pont de Nemours & Co.*, 154 F. Supp. 3d 407, 426 (M.D. La. 2015) (quoting *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985.)) Among these justifications are repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment. *Id.*

Here, Plaintiff had ample opportunity to cure the deficiencies of its original Complaint with respect to its claim against Barnett and failed to do so. Specifically, Plaintiff submitted a proposed First Amended Complaint in attempts to enhance and amplify its claim as to the individual liability of Barnett in order to survive a motion to dismiss. (Docs. 37 at 2; 37-1.) Judge Wilder-Doomes concluded that Plaintiff's proposed First Amended Complaint, like the original Complaint, stated insufficient facts to establish how Barnett could be held individually liable.[3] (Doc. 53 at 9.) Plaintiff then filed its Substituted First Amended Complaint, which contained

---

[3] In its proposed First Amended Complaint, Plaintiff attempted to raise allegations of fraudulent behavior that were unsupported by facts. In the Ruling issued by Judge Wilder-Doomes (Doc. 53), it was ordered that Plaintiff remove the allegations of fraud against Barnett, as they were factually unsupportable. Consequently, Plaintiff repackaged the allegations in its original complaint against Barnett, which were (and are now) insufficient to withstand dismissal. (*See* Doc. 53 at 9—10.)

allegations against Barnett that are identical to those contained in its original Complaint, and are again insufficient to state a claim upon which relief can be granted. Accordingly, Plaintiffs claims against Barnett are dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>July 25, 2017</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**